Eastern Dist.
June, 1836.

GORDON
vs.
PARKER.

---

## GORDON vs. PARKER.

### APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

A purchaser of stocks at auction, when there is no deception, takes them subject to all the requirements of the charter of the institution from which they emanate.

Where a purchaser is sued to compel a compliance with the conditions of the sale, and avers he is not bound by it, evidence is admissible to show that he offered his note at long date in compliance, and as a recognition of his bid.

This is an action to recover back a sum of money which had been advanced by the plaintiff, in obedience to calls by the board of directors, on twenty-eight shares of stock in the

Louisiana Insurance Company, sold by the former to the defendant.

The plaintiff alleges, he sold at auction, on the 21st of October, 1834, eleven shares of stock in the Louisiana Insurance Company, at six dollars for one hundred dollars paid in on each share, and seventeen shares at two dollars for one hundred dollars paid, in all twenty-eight shares; at which sale the defendant became the purchaser.

He further shows, that by the terms of the charter of said company, the capital stock is divided into shares of one thousand dollars each, of which one hundred dollars per share was paid at the time of subscribing, and the remaining nine hundred secured by mortgage or pledge of stock to said company. That the defendant has failed to comply with the terms of the adjudication, and the conditions of the charter of the company, by refusing to pay the sum of one hundred dollars to the petitioner, and to secure the remaining nine tenths of the twenty-eight shares by mortgage or pledge of stock; and the plaintiff alleges, that since said sale he has been called on by the directors of said company, and required to pay two hundred dollars more on each share; making in all the sum of five thousand six hundred dollars, which the said E. E. Parker justly owes him by reason of the premises.

He prays, that the defendant be decreed to pay him the said sum of five thousand six hundred dollars, and be adjudged to comply with the conditions of his purchase; or in default thereof, on demand made by the sheriff, that he forfeit his stock as damages, over and above the said sum of five thousand six hundred dollars.

The defendant averred, that at the time of the adjudication of said stock, the Louisiana Insurance Company had not only sunk its capital paid in, but eighty-five thousand dollars more, amounting to twenty-five per cent. on the capital stock of the company, so that the stock was not only valueless, but was in debt twenty-five dollars on each share; which fact was suppressed and concealed from the bidders at the sale, and as soon as he found it out he declined his purchase. That it was represented at the auction sale, on

EASTERN DIST.
June, 1836.

GORDON
vs.
PARKER.

behalf of the vendors, that only the capital paid in was lost, which induced him (the defendant) to bid; and having purchased in error, through the conduct of the plaintiff, he is not bound thereby.

On these issues and pleadings, the parties went to trial. The cause was tried before a jury. In the course of the trial, the plaintiff offered evidence to show that the defendant had recognized his purchase, and had made overtures in compliance with it. The depositions of two witnesses were produced by the plaintiff, to show that the defendant, Parker, had offered a note of long date to the Louisiana Insurance Company, in compliance with its call of two hundred dollars on each share; which was objected to by the defendant's counsel, on the ground that the offer was not made to the plaintiff, and was only made by way of compromise of a suit immediately afterwards commenced in the District Court, by the Louisiana Insurance Company against Gordon and Parker, in relation to this transaction. The evidence was admitted, and a bill of exceptions taken.

The record and proceedings in the case of the Louisiana Insurance Company *vs.* Gordon and Parker, 8 *Louisiana Reports*, 174, was also produced in evidence. The parish judge charged the jury that " they were to inquire, *first,* whether a sale was made; *second,* whether the plaintiff had done any thing to deceive the defendant, in relation to the sale; and further, that the principles of law applicable to sales generally, were not strictly applicable to sales of stocks, inasmuch as the interest of the vendor alone in stock was sold; the stocks themselves fluctuating in their nature, and variable in their value." The charge was excepted to by the defendant's counsel.

The jury returned a verdict of five thousand seven hundred dollars for the plaintiff; and from judgment rendered thereon, the defendant appealed.

*Peirce* and *Lockett,* for the plaintiff.

*Preston,* for the defendant and appellant.

*Mathews, J.,* delivered the opinion of the court.

This suit is brought to recover from the defendant a sum of money, which the plaintiff alleges he paid for the use and benefit of the former, in fulfillment and discharge of a contract by which he was bound as the real debtor to the Louisiana Insurance Company.

EASTERN DIST.
*June,* 1836.

GORDON
*vs.*
PARKER.

The plaintiff obtained judment in the court below, from which the defendant appealed.

The facts of the case, as they appear by the evidence, are the following:   The plaintiff was owner of twenty-eight shares in the stock or capital of the Louisiana Insurance Company, which he caused to be sold at auction.   At this sale, the defendant became purchaser, at an immense discount, on the amount which had been actually paid on each share.   The sum thus paid, was one hundred dollars per share, the shares being one thousand each; the balance of nine tenths was to be secured to the corporation by each stockholder, by mortgage or pledge of other stocks.   The payment of this balance was secured, as required by the plaintiff.   On the 13th of October, 1834, the board of directors of the company called in two hundred dollars on each share, to be paid one half on the 1st of November following, and the other on the 15th of that month.   Before these payments became due, viz: on the 21st of October, the stock, as above stated, was sold to the defendant, Gordon, who, in a suit brought by the corporation, was compelled to pay the amount thus called in; and the present action is instituted to recover it, and the price of adjudication made by auction, from the defendant, in which the plaintiff alleges that the contract under which the former acquired the stock in question, was not complied with on his part; that he was really bound to pay to the company the amount called in; and, payable subsequently to the sale and transfer of the stock to him.   In avoidance of this contract, the defendant in his answer alleges concealment on the part of the plaintiff, in relation to the embarrassed state of the company, &c., and consequent fraud.

EASTERN DIST.    The cause was submitted to a jury, who by their verdict
June, 1836.    negative the alleged concealment and fraud, and found for
CLAPIER ET AL.    the plaintiff five thousand seven hundred dollars. The record
vs.
BANKS.    contains several bills of exception, two to the testimony
A purchaser of    offered on the part of the plaintiff, and one to the charge of
stocks at auction,
when there is no    the judge a quo to the jury. We consider the facts offered to
deception, takes    be proven, by the witness Peirce, whose testimony was
them subject to
all the require-    rejected, as not very material to the issue made by the
ments of the
charter of the    pleadings. We shall, therefore, leave this bill unnoticed. In
institution from
which they ema-    relation to the second, which was to testimony admitted by
nate.
Where a pur-    the court below, we are unable to perceive any good reasons
chaser is sued to    why it should have been rejected, and the counsel for the
compel a com-
pliance with the    defendant has not favored us with any. We are of opinion
conditions of the
sale, and avers    that the charge of the judge was correct, and that the verdict
he is not bound    and judgment are conformable to the law and evidence of
by it, evidence is
admissible    to    the case.
show that he of-
fered his notes
at long date in    It is, therefore, ordered, adjudged and decreed, that the
compliance, and
as a recognition    judgment of the Parish Court be affirmed, with costs.
of his bid.